E-FILED
Monday, 19 March, 2007  01:09:20 PM
Clerk, U.S. District Court, ILCD

# United States District Court

———— DISTRICT OF ————

WiLLiam Johnson
        PETITIONER
    v.

Donald Hulick
    WARDEN-RESPONDENT

**APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER**

CASE NUMBER: 07-2057

I, WiLLiam Johnson, declare that I am the *(check appropriate box)*

[x] petitioner/plaintiff
[ ] respondent/defendant
[ ] movant (filing 28 U.S.C. 2255 motion)
[ ] _____ *other*

**FILED**

MAR 19 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

In further support of this application, I answer the following questions.

1. Are you presently employed?    Yes [ ]  No [x]

   a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

       N/A

   b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession or other form of self-employment  Yes [ ]  No [x]
   b. Rent payments, interest or dividends?  Yes [ ]  No [x]
   c. Pensions, annuities or life insurance payments?  Yes [ ]  No [x]
   d. Gifts or inheritances?  Yes [ ]  No [x]
   e. Any other sources?  Yes [x]  No [ ]

If the answer to any of the above is "yes," describe each source of money and state the amount received from each in during the past twelve months.

*I RECEIVE AN AVERAGE OF 10.00 PER MONTH FROM THE INSTITUTION*

3. Do you own any cash, or do you have money in checking or savings accounts?

Yes ☐     No ☒     (Include any funds in prison accounts.)

If the answer is "yes," state the total value of the items owned.

*N/A*

4. Do you own or have any interest in any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?

Yes ☐     No ☒

If the answer is "yes," describe the property and state its approximate value.

*N/A*

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

*N/A*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *FEB 22, 2007*                    ② *William Johnson*
           **(Date)**                              **Signature of Applicant**

---

**CERTIFICATE**
*(Prisoner Accounts Only)*

I certify that the applicant named herein has the sum of $ _____ on account to his credit at the _____ institution where he is confined. I further certify that the applicant likewise has the following securities to his credit according to the records of said institution:_____
_____

I further certify that during the last six months the applicant's average balance was $ _____

_____
**Authorized Officer of Institution**

---

**ORDER OF COURT**

| The application is hereby denied | The application is hereby granted. Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor. |
|---|---|
| _____  _____ | _____  _____ |
| *United States Judge*     *Date* | *United States Judge*     *Date* |
| | *or Magistrate* |

*Johnson*
*B23496*

## CERTIFICATE

**TO BE COMPLETED FOR PRISONERS ONLY.  THIS IS A STATEMENT BY THE PRISON AND NOT THE PRISONER**

I hereby certify that the plaintiff or petitioner in this action has the sum of $ *1,49* _____ in his trust fund account at this correctional center where he is confined.

I further certify that the plaintiff or petitioner has the following securities to his credit according to the records of this institution:

_____

_____

_____

_____
**Authorized officer**

*MENARD CC*
**Institution**

*Acct Tech I*
**Title**

*2/21/07*
**Date**

**IMPORTANT:**

THIS CERTIFICATE MUST BE ACCOMPANIED BY A COPY OF A SIX MONTH LEDGER OF THE PLAINTIFF'S TRUST FUND ACCOUNT.

Date: 2/21/2007
2007CW-62057-MPM-DGB     # 1
Time:    1:05pm
d_list_inmate_trans_statement_composite

Menard Correctional Center
Trust Fund

Inmate Transaction Statement

Page 1

REPORT CRITERIA  -  Date: 08/01/2006 thru End;     Inmate: B23496;     Active Status Only ? : No;     Print Restrictions ? : Yes;
Transaction Type: All Transaction Types;     Print Furloughs / Restitutions ? : Yes,     Include Inmate Totals ? : Yes,     Print
Balance Errors Only ? : No

**Inmate: B23496 Johnson, William A.**                                      **Housing Unit: MEN-SL-02-45**

| Date | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|------|--------|-----------------|-------|-------------|-------------|--------|---------|
| | | | | | **Beginning Balance:** | | 115.34 |
| 08/11/06 | Disbursements | 88 Phone Bill | 223394 | Chk #75460 | 88207469, Davis, Kyann,     Inv. Date: 08/11/2006 | -25.00 | 90.34 |
| 08/15/06 | Point of Sale | 60 Commissary | 227749 | 596762 | Commissary | -20.77 | 69.57 |
| 08/22/06 | Point of Sale | 60 Commissary | 234779 | 598446 | Commissary | -7.89 | 61.68 |
| 08/29/06 | Mail Room | 01 MO/Checks (Not Held) | 2412104 | 08-521552922 | Johnson, Laverne | 50.00 | 111.68 |
| 08/31/06 | Disbursements | 84 Library | 243359 | Chk #75828 | 3781, DOC: 523 Fund Library,     Inv. Date: 08/28/2006 | -6.80 | 104.88 |
| 09/06/06 | Point of Sale | 60 Commissary | 249767 | 600494 | Commissary | -12.81 | 92.07 |
| 09/07/06 | Payroll | 20 Payroll Adjustment | 250159 | | P/R month of 08/2006 | .34 | 92.41 |
| 09/12/06 | Point of Sale | 60 Commissary | 255767 | 602722 | Commissary | -6.00 | 86.41 |
| 09/19/06 | Point of Sale | 60 Commissary | 262749 | 604752 | Commissary | -6.50 | 79.91 |
| 10/04/06 | Point of Sale | 60 Commissary | 277793 | 606773 | Commissary | -65.40 | 14.51 |
| 10/05/06 | Payroll | 20 Payroll Adjustment | 278159 | | P/R month of 09/2006 | 5.78 | 20.29 |
| 10/16/06 | Disbursements | 88 REPAIR#9871 | 289359 | Chk #76777 | 9362, Menard IBF Repairs,     Inv. Date: 10/16/2006 | -9.95 | 10.34 |
| 10/17/06 | Point of Sale | 60 Commissary | 290779 | 610331 | Commissary | -8.17 | 2.17 |
| 10/20/06 | Mail Room | 01 MO/Checks (Not Held) | 293223 | 08-510593353 | Johnson, Laverne | 40.00 | 42.17 |
| 11/06/06 | Payroll | 20 Payroll Adjustment | 310159 | | P/R month of 10/2006 | 10.00 | 52.17 |
| 11/14/06 | Point of Sale | 60 Commissary | 318779 | 614369 | Commissary | -48.54 | 3.63 |
| 11/16/06 | Disbursements | 80 Postage | 320359 | Chk #77166 | 11793, DOC: 523 Fund Reimburse, Inv. Date: 11/08/2006 | -.63 | 3.00 |
| 12/05/06 | Point of Sale | 60 Commissary | 339767 | 617182 | Commissary | -2.76 | .24 |
| 12/06/06 | Payroll | 20 Payroll Adjustment | 340159 | | P/R month of 11/2006 | 9.52 | 9.76 |
| 12/12/06 | Point of Sale | 60 Commissary | 346779 | 619313 | Commissary | -8.30 | 1.46 |
| 12/19/06 | Point of Sale | 60 Commissary | 353779 | 621512 | Commissary | -1.39 | .07 |
| 01/05/07 | Payroll | 20 Payroll Adjustment | 005159 | | P/R month of 12/2006 | 10.00 | 10.07 |
| 01/09/07 | Point of Sale | 60 Commissary | 009793 | 624647 | Commissary | -9.28 | .79 |
| 01/17/07 | Mail Room | 01 MO/Checks (Not Held) | 017245 | 10054345072 | Johnson, Laverne | 40.00 | 40.79 |
| 01/17/07 | Mail Room | 01 MO/Checks (Not Held) | 017245 | 5602635558 | Johnson, Laverne | 30.00 | 70.79 |
| 01/22/07 | Point of Sale | 60 Commissary | 022779 | 628352 | Commissary | -70.68 | .11 |
| 02/07/07 | Payroll | 20 Payroll Adjustment | 0381107 | | P/R month of 01/2007 | 10.00 | 10.11 |
| 02/13/07 | Point of Sale | 60 Commissary | 044779 | 630433 | Commissary | -8.32 | 1.79 |
| 02/15/07 | Disbursements | 84 Library | 046359 | Chk #78462 | 19567, DOC: School Dist. Libra, Inv. Date: 01/23/2007 | -.15 | 1.64 |
| 02/15/07 | Disbursements | 84 Library | 046359 | Chk #78462 | 19570, DOC: School Dist. Libra, Inv. Date: 01/23/2007 | -.15 | 1.49 |

| | |
|---|---|
| **Total Inmate Funds:** | 1.49 |
| **Less Funds Held For Orders:** | .00 |
| **Less Funds Restricted:** | .00 |
| **Funds Available:** | 1.49 |
| **Total Furloughs:** | .00 |
| **Total Voluntary Restitutions:** | .00 |

IN THE
UNITED STATES DISTRICT
COURT CENTRAL DISTRICT OF ILLINOIS

WILLIAM JOHNSON                    )
Plaintiff,                         )
                                   )   Case No. 4-04-0709
                v.                 )   NO 92-CF-954
                                   )
DONALD HULICK, WARDEN              )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: U.S. DISTRICT COURT          TO: _____
    CENTRAL DISTRICT OF ILLINOIS,     _____
    URBANA DIVISION ROOM              _____
    218, U.S. COURT HOUSE ROOM        _____
    2015. VINE STREET URBANA IL. 61801

PLEASE TAKE NOTICE that on FEBRUARY 22 , 20 07 , I have placed the
documents listed below in the institutional mail at _____ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _____

_____

_____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: FEB 22, 2007

/s/ William Johnson
NAME: WILLIAM JOHNSON
IDOC#: B28496
MENARD Correctional Center
P.O. BOX 711
MENARD , IL 62259

Revised Jul 2002

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

## United States District Court

| | District |
|---|---|
| | CENTRAL DISTRICT |

| Name | William Johnson | Prisoner No. B-23496 | Case No. 07-2057 |
|---|---|---|---|

**Place of Confinement**

MENARD CORRECTIONAL CENTER

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| William Johnson    V. | |

The Attorney General of the State of: ILLINOIS ATTORNEY GENERAL LISA MADIGAN

## PETITION

1. Name and location of court which entered the judgment of conviction under attack THE SIXTH Judicial CIRCUIT, MACON COUNTY - ILLINOIS

2. Date of judgment of conviction MARCH 25, 1993

3. Length of sentence AGGREGATED CONSECUTIVE SENTENCE OF 90 YRS.

4. Nature of offense involved (all counts) FIVE COUNTS OF AGGRAVATED CRIMINAL SEXUAL ASSAULT, AND THREE COUNTS OF HOME INVASION

**FILED**

**MAR 1 9 2007**

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ___FOURTH DISTRICT APPELLATE COURT - ILLINOIS___

(b) Result ___APPEAL AFFIRMED___

(c) Date of result and citation, if known ___JUNE 7, 1994___

(d) Grounds raised (1) COURT ERRONEOUSLY ADMITTED DNA TESTIMONY (2) IMPROPERLY PERMITTED THE STATE TO ELICIT TESTIMONY STAKE OUT VICTIM HOME (3) COURT ABUSED ITS DISCRETION by IMPOSING EXCESSIVE TIME.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ___ILLINOIS SUPREME COURT___

(2) Result ___PETITION FOR LEAVE TO APPEAL - DENIED___

(3) Date of result and citation, if known ___1994 (157 Ill. 2d 512, 642 N.E.2d 1293___

(4) Grounds raised ___APPELLATE COURT ERRED IN AFFIRMING CONVICTION___

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ___N - A___

(2) Result ___N - A___

(3) Date of result and citation, if known ___N/A___

(4) Grounds raised ___N/A___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___6TH JUDICIAL CIRCUIT COURT - MACON COUNTY - ILLINOIS___

(2) Nature of proceeding ___PETITION FOR RELIEF FROM JUDGMENT___

(3) Grounds raised ___TRIAL COURT FAILED TO ADHERE TO STATUTORY REQUIREMENT WHEN IT IMPOSED 90 yr SENTENCE.___

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result ___ PETITION WAS DISMISSED

(6) Date of result ___ June 21, 2004

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐   N-A

(5) Result ___

(6) Date of result ___ N/A

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☒   No ☐
(2) Second petition, etc.   Yes ☐  No ☐   N-A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN THE COURT FAILED TO ADHERE TO STATUTORY REQUIREMENTS AND SENTENCED PETITIONER TO CONSECUTIVE 90 YRS.

Supporting FACTS (state *briefly* without citing cases or law)

SEE ADDITIONAL SHEETS FOR FURTHER INFORMATION

B. Ground two: PETITIONER CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HIS APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE

Supporting FACTS (state *briefly* without citing cases or law):

SEE ADDITIONAL SHEETS FOR FURTHER INFORMATION

(5)

/.O 241 (Rev. 5/85)

C.  Ground three: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____ N/A _____

D.  Ground four _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____ N/A _____

_____ N/A _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: GROUND TWO WAS NOT RAISED BEFORE, BECAUSE APPELLATE COUNSEL REFUSED TO RAISE IT, AND SAME COUNSEL(F.)ED THE PETITION TO THE STATE SUPREME COURT.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  MACON COUNTY PUBLIC DEFENDER'S OFFICE

(b) At arraignment and plea  MACON COUNTY - PUBLIC DEFENDER'S OFFICE

AO 241  (Rev. 5/85)

(c) At trial  *MACON COUNTY PUBLIC DEFENDER'S OFFICE*

(d) At sentencing  *MACON COUNTY PUBLIC DEFENDER'S OFFICE*

(e) On appeal  *APPELLATE DEFENDER'S OFFICE FOR THE FOURTH APPELLATE DISTRICT*

(f) In any post-conviction proceeding  *WILLIAM JOHNSON (PRO-SE) P.O. BOX 711- MENARD ILL. 62259*

(g) On appeal from any adverse ruling in a post-conviction proceeding  *CATHERINE HART, DEPUTY DEFENDE FOR THE 4TH DIST. APPELLATE DEFENDER*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____
_____ *N/A* _____

(b) Give date and length of the above sentence: _____ *N/A* _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐  *N-A*


Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)


I declare under penalty of perjury that the foregoing is true and correct. Executed on
*FEB 22, 2007*
(date)

_____
Signature of Petitioner

(7)

GROUND ONE:    PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED
WHEN HE RECEIVED CONSECUTIVE SENTENCES TOTALING
90 YEARS WHICH EXCEEDED THE SIXTY YEARS THAT IS
AUTHORIZED BY LAW.

The central legal question presented by this case is, should
the phrase "maximum sentence" be given the opposite meaning from
the phrase "maximum terms authorized"? If the above phrases are
treated similarly, then Mr. Johnson's aggregate sentence can only
be 60 years, and the excess 30 years of his of 90 year term is void.
Because section 5-8-4(c)(2) sets the upper limit for aggregating
consecutive sentences, its interpretation is an important issue both
to prisoners, whose sentences are governed by it, and to Illinois
Courts, which must consider section 5-8-4(c)(2) whenever consecutive
sentences are imposed.

Petitioner was given the following sentences for his aggravated
criminal sexual assault convictions: Count I, 30 years; Count II,
10 years; Count III, 10 years; Count IV, 10 years; Count V, 10 years
and for home invasion, Count VII, 20 years. (Vol.I,C. 138-145;Vol.
VI,R.36;Vol.I,C.208) The total of the six terms is 90 years.

This total is unauthorized by law, and hence void, as the total
of the sentences cannot exceed the sum of the maximum terms authorized
under 730 ILCS 5/5-8-2 (West 1992) for the two most serious felonies
involved. Because the maximum term authorized under that section for
each of the Petitioner's most serious offenses is thirty years, the
total of is consecutive sentences cannot exceed sixty years. His
sentences must be vacated. the case remanded for re-sentencinc not
to exceed 60 years in prison. Alternatively, this Court should
reduce the Petitioner's overall sentence to sixty years.

Section 5-8-4(c)(2), which sets the upper limit for aggregating consecutive prison sentences, contains similar language to section 5-2-4(b). Section 5-8-4(c)(2) provides that "the aggregate of consecutive sentences...shall not exceed the sum of the Maximum term authorized under Section 5-8-2 for the 2 most serious felonies involved ..."Section 5-8-2, in turn, prohibits imposition of an exttended term "unless the factors in aggravation set forth in paragraph (b) of section 5-5-3-2 were found to be present." Section 5-8-2 further provided that a court "may sentence an offender" to extended term " "_(w)here the judge finds that such factors are present." Section 5-8-2 thus does not "authorize" extended terms unless the court finds that one of the listed factors applies tro the defendant. Accordingly, the phrase "maximum term authorized under Section 5-8-2," contained in section 5-8-4(c)(2) appears to have the same meaning as the phrase "maximum sentence" as contained in section 5-2-4(b), the insanity acquittee statute.

The legislature defines crimes and establishes criminal penalties, and the "trial court, upon determination of guilty, has no authority to assess a fine or impose a sentence other than that provided gy statute." Such legislative action limits the inquiry and function of the judiciary in imposing sentences.The legislature authorized the courts to impose consecutive sentences. 730 ILCS 5/5-8-4(West1992). However, the legislature set a limit on the aggregate of the consecutive sentences shall not exceed the sum of the maixmum terms authorized under section 5-8-2 for the 2 most serious felonies involved. 730 ILCS 5/5-8-4(c)(2) (West1992). Section 5-8-2 section 5-8-2 of the Unified Code of Corrections (the Code) provides, in part:

-2-

Extended Term. (a) A judge shall not sentence an
offender to a  term of imprisonment in excess of
the maximum sentence authorized by Section 5-8-1
for the class of the most serious offense of
which the offender was convicted unless the
factors in aggravation set forth in paragraph (b)
of section 5-5-3.2 were found to be present. Where
the judge finds that such factors were present,
he may sentence an offender to the following:

      *        *        *        *

(2) for a Class X felony, a term shall be not less
than 30 years and not more than 60 years;
730 ILCS 5/5-8-2(a)(2)(West1992).

Section 5-8-1(a)(3) sets the penalty range at six to thirty years
for a Class X felony. Thus, the maximum prison term authorized by
section 5-8-2 for a Class X felony is 30 years, unless one or
more the 730 ILCS 5/5-5-3.2(b) (West 1992) aggravating factors is
found by the sentencing judge, in which case section 5-8-2 authorizes
a maximum term of sixty years.

Aggravating factors are findings of fact which must be found by
a jury, unles otherwise waived. The aggravating factors are the
functional equivalent of an element of a grater offense. Because the
imposition of a greater sentence based upon an aggravating factor is
the equivalent of a greater offense, the maximum term authorized for
a defendant who has not had an extended term imposed must be the
aggregate of the maximum non-tended term sentence.

The sentencing judge never found that any of the extended term
factors applied to Petitioner, and did not impose an extended term

-3-

on any of the offenses. (Vol.III,R. 15-16; Supp. Vol.XI,R. 33-42)
Thus, under the clear language of the statutory scheme, the total
of the consecutive sentences imposed on Petitioner could not exceed
sixty years, and the excess portion of his 90 year sentence is void.

This interpretation of sedtion 5-8-2 is consistent with and
supported by the maximum period a person can be committed after
having been found not guilty by reason of insanity. The involuntary
commitment period after an insanity acquittal shall not exceed the
maximum length of time that the defendant would have been required
to serve, less credit for good behavior, before becoming eligible
for release had he been convicted of and received the maximum
sentence for the most serious crime for which he has been acquitted
by reason of insanity. 730 ILCS 5/5-2-4(b)(West1992). The court
interpreted section 5-2-4(b);s "maximum sentence" as being subject
to a defendant's eligibilty for an extended term,

It is clear that the trial court may commit an insanity
acquittee to a maximum period by refernce to section 5-8-1. In order
to commit an insanity acquittee by reference to the extended term
statute, however, the trial court must first find that the insanity
acquittee's offense comes within the statutory requirements for
application of section 5-8-2)a). Section 5-8-2(a) refers to the
factors in aggravation set forth in paragraph (b) of section 5-5-3.2
Section 5-5-3.2(b)(2) requires that, in order for an extended term
sentence to be applicable, the trial court must find that the
offense is accompanied by exceptionally brutal or heinous behavior
indicative of wanton cruelty.

Because an insanity acquittee's conduct does not indicate wanton cruelty, a judge could not resort to section 5-5-3.2 to calculate the length of his commitment term.

In contrast, the State Supreme Court held that a trial judge properly reorted to section 5-5-3.2(b) in setting the maximum period of the insanity acquittee;s commitment, where the acquittee, by reason of his prior convictions, would have qualified for an extended sentence had he been found guilty.

Thus, whether one seeks "the maximum terms authorized under Section 5-8-2" as stated in section 5-8-4(c)(2), or "the maximum sentence" as stated in section 5-2-4(b), the path leads to section 5-8-2(a). A judge can rely on the higher limits set by section 5-8-2 only if the individual before the court qualifies for those limits under the com panion section, 5-5-3.2(b). There is no rational distinction the phrases "maximum sentence" and "maximum terms" used respectively in section 5-2-4(b) and sect 5-8-4(c)(2). Both clearly refer to the maximum length of time that a prisoner or insanity acquittee may be confined.

Also, reading section 5-8-4(c)(2) to further limit the total of consecutive sentences when a section 5-5-3.2(b) factor is not present obtains support from the well recognized notion that a judge is to tailor the punishment to fit the particular case before the court. See Ill.Const.1970,art.VI,sec.11.("All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship")  The U.S. Constitution also guarantees the Petitioner in the 14th Amendment Euqal Protection under the law as well as Due Process. The legislature

-5-

has made individualized sentencing one of the purposes of the Code
containing section 5-8-4(c)(2). 730 ILCS 5/1-1-2(a)(West1998) states
that one purpose of the Unified Code of Corrections is to "prescribe
sanctions proportionate to the seriousness of the offenses and
permit the recognition of differences in rehabilitation possibilites
among individual offenders(.)

    The plain language of section 5-8-4(c)(2) refers to the 'maximum
terms authorized' by section 5-8-2, not to the maximum terms for
which a particular defendant is eligble.. Certainly the legislature
could not have intended that the term "maximum" in section 5-2-4(b)
and section 5-8-4(c)(2) have two completely different meanings,
especially when in both settings it depends for its meaning on the
same statute, section 5-8-2(a).

    The State court also contradict established principles of
statutory construction because it ignore or render meaningless the
word "authorized" in section 5-8-4(c)(2). A statute should be
construed so that no word or phrase is rendered meaningless or
superfluous. Also, by subtle construction or other means, a court
may not read out of a statute a limitation which the legislature
has seen fit to enact. Statutory language should be given its plain
and ordinary meaning. Yet the State court opinions have read section
5-8-4(c)(2) as though it were written. The aggregate of consecutive
sentences shall not exceed the sum of the maximum terms listed
under section 5-8-2 for the 2 most serious felonies involved.

    What is authorized by section 5-8-4(c)(2) clearly depends on
what is "authorized" by section 5-8-2. Section 5-8-2, in turn, is
limited by section 5-5-3.2(b) and linked to section 5-8-1(a). The

-6-

statute authorizing extended terms refers to and is bottomed on, in a sense, the maximum sentences authorized by section 5-8-1, to which it refers. When one reads these three sections (5-8-4(c)(2), 5-8-2 and 5-5-3.2(b)) together, it is clear that section 5-8-4(c)(2) prohibits the total of consecutive terms to be based on extended term sentencing limits unless the fact finder, consistent with section 5-5-3.2(b), finds that such a factor is present. If no such factor is present, the judge shall not sentence an offender to consecutive terms totaling more than the maximum sentences authorized by section 5-8-1 (i.e., nonextended term senctnces) for the two most serious felonies involved.

In summary, the Petitioner, William Johnson, was not found to have qualified for an extended term sentence by the court. Thus, the aggregate of his consecutive sentences for his Class X felonies cannot exceed sixty years, which violated his constitutionally right to a fair sentencing hearing, as well as leaving him with an illegal sentence.

GROUND TWO: PETITIONER CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN
           HE RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE
           COUNSEL WHERE COUNSEL REFUSED TO RAISE DUE PROCESS
           VIOLATIONS IN THE TRIAL COURT, THUS WAIVING THE
           ISSUE IN FURTHER APPEALS.

Petitioner asserts that he reveived ineffective assistance of
appellate counsel in his appeal from his Petition for Relief From
Judgment, where counsel failed to raise issue for the appellate court
to consider the fact that the circuit court declined to appoint him
counsel to represent him during the proceedings of the relief from
judgment.

Upon dismissing Petitioner's Petition for Relief From Judgment
as a Petition for Post Conviction Relief, the Petitioner filed Motion
for Reconsideration. (Vol.I,C66-73). On March 22,2004. On April 13,
2004 the court ruled:

> "Motion for Reconsideration examined. Finding that
> Defendant is correct in that the court should not
> have dismissed his 2-1401 Petition. Further finding
> that although this Petition is related to a criminal
> proceeding, it is a civil proceeding, and defendant
> is not entitled to appointed counsel. The court does
> have discretion to appoint counsel, which it exercises
> by denying the request for appointment of counsel.
> Petition reinstated and cause allotted for status and
> for State to file responsive pleading if it desires
> May 6,2004, 8:30 a.m., Courtroom 3B."

Though the case was continued to May 6,2004, Petitioner was not
called back to court to represent himself since he was denied counsel.
The case was again continued to May 13,2004, where the State was again
present, but Petitioner was not. Petitioner was suppose to file a
response to prosecutor's motion by June 15,2004. However, Petitioner
was not present at court and due to the court's decision to deny him
representation, there was no one present to represent Petitioner.

Petitioner was never served a copy of the State's motion in person nor
by mail. Petitioner had no idea of any motion was to be filed by the
State, nor of his having any date to respond to any such motion. On
June 21, 2004, the court granted the State;s motion to dismiss.

The trial court abused it's discretion when it denied Petitioner
appointment of counsel, but declined to allow Petitioner to be at court
to represent himself. Thus, violating Petitioner's State and Federal
Constitutional right to Procedural Due Process rights, to a fair
hearing and to be able to represent himself.

Petitioner later learned of the proceedings and its contents
during his appeal, by obtaining a copy of the proceedings (see exhibit
'A') Petitioner should have been allowed to attend the proceedings to
ensure he would receive a fair hearing. The court should have also
allowed Petitioner to represent himself once the decision was made to
deny him counsel.

Petitioner's appellate counsel provided ineffective assistance
when counsel failed to raise this issue on appeal. "Even if counsel
will not,or need not, accompany the defendant on his entire appellate
journey, he may not strip the client of viable arguments before leaving
the scene. Because appellate defense counsel abandoned a viable
federal defense on appeal in a situation that can hardly be term
"tactical". Petitioner was deprived of effective assistance of counsel
where appellate counsel's failure to raise this on appeal created
a procedural default that limited review of errors. Counsel;s
deficient conduct therefore worked to defendant's actual and substantial
disadvantage, by limiting his ability to redress those issues.

This same counsel also represented Petitioner in his Petition
for Leave to Appeal to the State Supreme Court. Therefore, Petitioner

-2-

was unable to raise this issue in the Supreme Court also, as counsel was not going to file an ineffective assistance issue on himself. Were it not for the omission of this counsel, which prejudiced the Petitioner, the appellate court's decision would have undoubtedly been different.