**E-FILED**
Tuesday, 27 March, 2007  12:37:19 PM
Clerk, U.S. District Court, ILCD

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| 𝖀nited 𝖘tates 𝖉istrict 𝕮ourt | District CENTRAL DISTRICT |
|---|---|

| Name William Johnson | Prisoner No. B-23496 | Case No. 07-2057 |
|---|---|---|

Place of Confinement

MENARD CORRECTIONAL CENTER

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|

William Johnson          V.

The Attorney General of the State of: ILLINOIS ATTORNEY GENERAL LISA MADIGAN

## PETITION

1. Name and location of court which entered the judgment of conviction under attack THE SIXTH Judicial CIRCUIT, MACON COUNTY - ILLINOIS

2. Date of judgment of conviction MARCH 25, 1993

3. Length of sentence AGGREGATED CONSECUTIVE SENTENCE OF 90 YRS.

4. Nature of offense involved (all counts) FIVE COUNTS OF AGGRAVATED CRIMINAL SEXUAL ASSAULT, AND THREE COUNTS OF HOME INVASION

**FILED**

MAR 19 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA IL

5. What was your plea? (Check one)
   (a) Not guilty         ☒
   (b) Guilty             ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _FOURTH DISTRICT APPELLATE COURT - ILLINOIS_

(b) Result _APPEAL AFFIRMED_

(c) Date of result and citation, if known _JUNE 7, 1994_

(d) Grounds raised _(1) COURT ERRONEOUSLY ADMITTED DNA TESTIMONY (2) IMPROPERLY PERMITTED THE STATE TO ELICIT TESTIMONY STAKED OUT VICTIM HOME (3) COURT ABUSED ITS DISCRETION by IMPOSING EXCESSIVE TIME._

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _ILLINOIS SUPREME COURT_

(2) Result _PETITION FOR LEAVE TO APPEAL - DENIED_

(3) Date of result and citation, if known _1994 (157 Ill. 2d 512, 642 N.E. 2d 1293_

(4) Grounds raised _APPELLATE COURT ERRED IN AFFIRMING CONVICTION_

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _N-A_

(2) Result _N-A_

(3) Date of result and citation, if known _N/A_

(4) Grounds raised _N/A_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _6TH JUDICIAL CIRCUIT COURT - MACON COUNTY - ILLINOIS_

(2) Nature of proceeding _PETITION FOR RELIEF FROM JUDGMENT_

(3) Grounds raised _TRIAL COURT FAILED TO ADHERE TO STATUTORY REQUIREMENT WHEN IT IMPOSED A 90 YR SENTENCE._

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result _____ PETITION WAS DISMISSED

(6) Date of result _____ JunE 21, 2004

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ N/A

(2) Nature of proceeding _____

_____

(3) Grounds raised _____ N/A

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐   N-A

(5) Result _____

(6) Date of result _____ N/A

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☒   No ☐
(2) Second petition, etc.     Yes ☐  No ☐   N-A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ N/A

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN THE COURT FAILED TO ADHERE TO STATUTORY REQUIREMENTS AND SENTENCED PETITIONER TO CONSECUTIVE 90 YRS.

Supporting FACTS (state *briefly* without citing cases or law) _____

SEE ADDITIONAL SHEETS FOR FURTHER INFORMATION

B. Ground two: PETITIONER CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN HIS APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE

Supporting FACTS (state *briefly* without citing cases or law): _____

SEE ADDITIONAL SHEETS FOR FURTHER INFORMATION

A.O 241 (Rev. 5/85)

C. Ground three: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____ N/A _____

D. Ground four _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law): _____ N/A _____

_____ N/A _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: GROUND TWO WAS NOT RAISED BEFORE, bECAUSE APPELLATE COUNSEL REFUSED TO RAISE IT, AND SAME COUNSEL FILED THE PETITION TO THE STATE SUPREME COURT.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   MACON COUNTY PUBLIC DEFENDER'S OFFICE

(b) At arraignment and plea   MACON COUNTY - PUBLIC DEFENDER'S OFFICE

(6)

AO 241 (Rev. 5/85)

(c) At trial _MACON COUNTY Public DEFENDER'S OFFICE_

(d) At sentencing _MACON county Public DEFENDER'S OFFICE_

(e) On appeal _APPELLATE DEFENDER'S OFFICE FOR THE FOURTH APPELLATE DISTRICT_

(f) In any post-conviction proceeding _william Johnson (PRO-SE) P.O. BOX 711 - MENARD ILL. 62259_

(g) On appeal from any adverse ruling in a post-conviction proceeding _CATHERINE HART, DEPUTY DEFENDE FOR THE 4TH DIST. APPELLATE DEFENDER_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A

(b) Give date and length of the above sentence: _____ N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐   N-A

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_FEB 22, 2007_
(date)

_William Johnson_
Signature of Petitioner

(7)

GROUND ONE:   PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED
              WHEN HE RECEIVED CONSECUTIVE SENTENCES TOTALING
              90 YEARS WHICH EXCEEDED THE SIXTY YEARS THAT IS
              AUTHORIZED BY LAW.

The central legal question presented by this case is, should the phrase "maximum sentence" be given the opposite meaning from the phrase "maximum terms authorized"? If the above phrases are treated similarly, then Mr. Johnson's aggregate sentence can only be 60 years, and the excess 30 years of his of 90 year term is void. Because section 5-8-4(c)(2) sets the upper limit for aggregating consecutive sentences, its interpretation is an important issue both to prisoners, whose sentences are governed by it, and to Illinois Courts, which must consider section 5-8-4(c)(2) whenever consecutive sentences are imposed.

Petitioner was given the following sentences for his aggravated criminal sexual assault convictions: Count I, 30 years; Count II, 10 years; Count III, 10 years; Count IV, 10 years; Count V, 10 years and for home invasion, Count VII, 20 years. (Vol.I,C. 138-145;Vol. VI,R.36;Vol.I,C.208) The total of the six terms is 90 years.

This total is unauthorized by law, and hence void, as the total of the sentences cannot exceed the sum of the maximum terms authorized under 730 ILCS 5/5-8-2 (West 1992) for the two most serious felonies involved. Because the maximum term authorized under that section for each of the Petitioner's most serious offenses is thirty years, the total of is consecutive sentences cannot exceed sixty years. His sentences must be vacated. the case remanded for re-sentencinc not to exceed 60 years in prison. Alternatively, this Court should reduce the Petitioner's overall sentence to sixty years.

Section 5-8-4(c)(2), which sets the upper limit for aggregating consecutive prison sentences, contains similar language to section 5-2-4(b). Section 5-8-4(c)(2) provides that "the aggregate of consecutive sentences...shall not exceed the sum of the Maximum term authorized under Section 5-8-2 for the 2 most serious felonies involved ..."Section 5-8-2, in turn, prohibits imposition of an exttended term "unless the factors in aggravation set forth in paragraph (b) of section 5-5-3-2 were found to be present." Section 5-8-2 further provided that a court "may sentence an offender" to extended term " "_(w)here the judge finds that such factors are present." Section 5-8-2 thus does not "authorize" extended terms unless the court finds that one of the listed factors applies tro the defendant. Accordingly, the phrase "maximum term authorized under Section 5-8-2," contained in section 5-8-4(c)(2) appears to have the same meaning as the phrase "maximum sentence" as contained in section 5-2-4(b), the insanity acquittee statute.

The legislature defines crimes and establishes criminal penalties, and the "trial court, upon determination of guilty, has no authority to assess a fine or impose a sentence other than that provided gy statute." Such legislative action limits the inquiry and function of the judiciary in imposing sentences.The legislature authorized the courts to impose consecutive sentences. 730 ILCS 5/5-8-4(West1992). However, the legislature set a limit on the aggregate of the consecutive sentences shall not exceed the sum of the maixmum terms authorized under section 5-8-2 for the 2 most serious felonies involved. 730 ILCS 5/5-8-4(c)(2) (West1992). Section 5-8-2 section 5-8-2 of the Unified Code of Corrections (the Code) provides, in part:

Extended Term. (a) A judge shall not sentence an
offender to a  term of imprisonment in excess of
the maximum sentence authorized by Section 5-8-1
for the class of the most serious offense of
which the offender was convicted unless the
factors in aggravation set forth in paragraph (b)
of section 5-5-3.2 were found to be present. Where
the judge finds that such factors were present,
he may sentence an offender to the following:

*          *          *          *

(2) for a Class X felony, a term shall be not less
than 30 years and not more than 60 years;
730 ILCS 5/5-8-2(a)(2)(West1992).

Section 5-8-1(a)(3) sets the penalty range at six to thirty years

for a Class X felony. Thus, the maximum prison term authorized by

section 5-8-2 for a Class X felony is 30 years, unless one or

more the 730 ILCS 5/5-5-3.2(b) (West 1992) aggravating factors is

found by the sentencing judge, in which case section 5-8-2 authorizes

a maximum term of sixty years.

Aggravating factors are findings of fact which must be found by

a jury, unles otherwise waived. The aggravating factors are the

functional equivalent of an element of a grater offense. Because the

imposition of a greater sentence based upon an aggravating factor is

the equivalent of a greater offense, the maximum term authorized for

a defendant who has not had an extended term imposed must be the

aggregate of the maximum non-tended term sentence.

The sentencing judge never found that any of the extended term

factors applied to Petitioner, and did not impose an extended term

-3-

on any of the offenses. (Vol.III,R. 15-16; Supp. Vol.XI,R. 33-42)
Thus, under the clear language of the statutory scheme, the total
of the consecutive sentences imposed on Petitioner could not exceed
sixty years, and the excess portion of his 90 year sentence is void.

This interpretation of sedtion 5-8-2 is consistent with and
supported by the maximum period a person can be committed after
having been found not guilty by reason of insanity. The involuntary
commitment period after an insanity acquittal shall not exceed the
maximum length of time that the defendant would have been required
to serve, less credit for good behavior, before becoming eligible
for release had he been convicted of and received the maximum
sentence for the most serious crime for which he has been acquitted
by reason of insanity. 730 ILCS 5/5-2-4(b)(West1992). The court
interpreted section 5-2-4(b);s "maximum sentence" as being subject
to a defendant's eligibilty for an extended term,

It is clear that the trial court may commit an insanity
acquittee to a maximum period by refernce to section 5-8-1. In order
to commit an insanity acquittee by reference to the extended term
statute, however, the trial court must first find that the insanity
acquittee's offense comes within the statutory requirements for
application of section 5-8-2)a). Section 5-8-2(a)  refers to the
factors in aggravation set forth in paragraph (b) of section 5-5-3.2
Section 5-5-3.2(b)(2) requires that, in order for an extended term
sentence to be applicable, the trial court must find that the
offense is accompanied by exceptionally brutal or heinous behavior
indicative of wanton cruelty.

-4-

Because an insanity acquittee's conduct does not indicate wanton cruelty, a judge could not resort to section 5-5-3.2 to calculate the length of his commitment term.

In contrast, the State Supreme Court held that a trial judge properly reorted to section 5-5-3.2(b) in setting the maximum period of the insanity acquittee;s commitment, where the acquittee, by reason of his prior convictions, would have qualified for an extended sentence had he been found guilty.

Thus, whether one seeks "the maximum terms authorized under Section 5-8-2" as stated in section 5-8-4(c)(2), or "the maximum sentence" as stated in section 5-2-4(b), the path leads to section 5-8-2(a). A judge can rely on the higher limits set by section 5-8-2 only if the individual before the court qualifies for those limits under the com panion section, 5-5-3.2(b). There is no rational distinction the phrases "maximum sentence" and "maximum terms" used respectively in section 5-2-4(b) and sect 5-8-4(c)(2). Both clearly refer to the maximum length of time that a prisoner or insanity acquittee may be confined.

Also, reading section 5-8-4(c)(2) to further limit the total of consecutive sentences when a section 5-5-3.2(b) factor is not present obtains support from the well recognized notion that a judge is to tailor the punishment to fit the particular case before the court. See Ill.Const.1970,art.VI,sec.11 ("All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship") The U.S. Constitution also guarantees the Petitioner in the 14th Amendment Euqal Protection under the law as well as Due Process. The legislature

-5-

has made individualized sentencing one of the purposes of the Code

containing section 5-8-4(c)(2). 730 ILCS 5/1-1-2(a)(West1998) states

that one purpose of the Unified Code of Corrections is to "prescribe

sanctions proportionate to the seriousness of the offenses and -

permit the recognition of differences in rehabilitation possibilites

among individual offenders(.)

The plain language of section 5-8-4(c)(2) refers to the 'maximum

terms authorized' by section 5-8-2, not to the maximum terms for

which a particular defendant is eligble.. Certainly the legislature

could not have intended that the term "maximum" in section 5-2-4(b)

and section 5-8-4(c)(2) have two completely different meanings,

especially when in both settings it depends for its meaning on the

same statute, section 5-8-2(a).

The State court also contradict established principles of

statutory construction because it ignore or render meaningless the

word "authorized" in section 5-8-4(c)(2). A statute should be

construed so that no word or phrase is rendered meaningless or

superfluous. Also, by subtle construction or other means, a court

may not read out of a statute a limitation which the legislature

has seen fit to enact. Statutory language should be given its plain

and ordinary meaning. Yet the State court opinions have read section

5-8-4(c)(2) as though it were written. The aggregate of consecutive

sentences shall not exceed the sum of the maximum terms listed

under section 5-8-2 for the 2 most serious felonies involved.

What is authorized by section 5-8-4(c)(2) clearly depends on

what is "authorized" by section 5-8-2. Section 5-8-2, in turn, is

limited by section 5-5-3.2(b) and linked to section 5-8-1(a). The

statute authorizing extended terms refers to and is bottomed on, in a sense, the maximum sentences authorized by section 5-8-1, to which it refers. When one reads these three sections (5-8-4(c)(2), 5-8-2 and 5-5-3.2(b)) together, it is clear that section 5-8-4(c)(2) prohibits the total of consecutive terms to be based on extended term sentencing limits unless the fact finder, consistent with section 5-5-3.2(b), finds that such a factor is present. If no such factor is present, the judge shall not sentence an offender to consecutive terms totaling more than the maximum sentences authorized by section 5-8-1 (i.e., nonextended term senctnces) for the two most serious felonies involved.

In summary, the Petitioner, William Johnson, was not found to have qualified for an extended term sentence by the court. Thus, the aggregate of his consecutive sentences for his Class X felonies cannot exceed sixty years, which violated his constitutionally right to a fair sentencing hearing, as well as leaving him with an illegal sentence.

GROUND TWO:    PETITIONER CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN
               HE RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE
               COUNSEL WHERE COUNSEL REFUSED TO RAISE DUE PROCESS
               VIOLATIONS IN THE TRIAL COURT, THUS WAIVING THE
               ISSUE IN FURTHER APPEALS.


     Petitioner asserts that he reveived ineffective assistance of
appellate counsel in his appeal from his Petition for Relief From
Judgment, where counsel failed to raise issue for the appellate court
to consider the fact that the circuit court declined to appoint him
counsel to represent him during the proceedings of the relief from
judgment.

     Upon dismissing Petitioner's Petition for Relief From Judgment
as a Petition for Post Conviction Relief, the Petitioner filed Motion
for Reconsideration. (Vol.I,C66-73). On March 22,2004. On April 13,
2004 the court ruled:

          "Motion for Reconsideration examined. Finding that
          Defendant is correct in that the court should not
          have dismissed his 2-1401 Petition. Further finding
          that although this Petition is related to a criminal
          proceeding, it is a civil proceeding, and defendant
          is not entitled to appointed counsel. The court does
          have discretion to appoint counsel, which it exercises
          by denying the request for appointment of counsel.
          Petition reinstated and cause allotted for status and
          for State to file responsive pleading if it desires
          May 6,2004, 8:30 a.m., Courtroom 3B."

     Though the case was continued to May 6,2004, Petitioner was not
called back to court to represent himself since he was denied counsel.
The case was again continued to May 13,2004, where the State was again
present, but Petitioner was not. Petitioner was suppose to file a
response to prosecutor's motion by June 15,2004. However, Petitioner
was not present at court and due to the court's decision to deny him
representation, there was no one present to represent Petitioner.

-1-

Petitioner was never served a copy of the State's motion in person nor by mail. Petitioner had no idea of any motion was to be filed by the State, nor of his having any date to respond to any such motion. On June 21, 2004, the court granted the State;s motion to dismiss.

The trial court abused it's discretion when it denied Petitioner appointment of counsel, but declined to allow Petitioner to be at court to represent himself. Thus, violating Petitioner's State and Federal Constitutional right to Procedural Due Process rights, to a fair hearing and to be able to represent himself.

Petitioner later learned of the proceedings and its contents during his appeal, by obtaining a copy of the proceedings (see exhibit 'A') Petitioner should have been allowed to attend the proceedings to ensure he would receive a fair hearing. The court should have also allowed Petitioner to represent himself once the decision was made to deny him counsel.

Petitioner's appellate counsel provided ineffective assistance when counsel failed to raise this issue on appeal. "Even if counsel will not,or need not, accompany the defendant on his entire appellate journey, he may not strip the client of viable arguments before leaving the scene. Because appellate defense counsel abandoned a viable federal defense on appeal in a situation that can hardly be term "tactical". Petitioner was deprived of effective assistance of counsel where appellate counsel's failure to raise this on appeal created a procedural default that limited review of errors. Counsel;s deficient conduct therefore worked to defendant's actual and substantial disadvantage, by limiting his ability to redress those issues.

This same counsel also represented Petitioner in his Petition for Leave to Appeal to the State Supreme Court. Therefore, Petitioner

-2-

was unable to raise this issue in the Supreme Court also, as counsel was not going to file an ineffective assistance issue on himself. Were it not for the omission of this counsel, which prejudiced the Petitioner, the appellate court's decision would have undoubtedly been different.

-3-