IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 2057 |
| | ) | |
| DONALD HULICK, Warden. | ) | The Honorable |
| | ) | Michael P. McCuskey, |
|    Respondent. | ) | Chief Judge Presiding. |

FILED
OCT 2 9 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

MOTION BY PETITIONER IN RESPONSE TO
RESPONDENT'S MOTION TO DISMISS § 2254 PETITION
AS TIME-BARRED

  Now comes the Petitioner, William Johnson, by way of legal assistance before this Honorable Court in his Motion in Response to Respondent's Motion to Dismiss his §2254 Petition as Time-Barred. In support thereof, the Petitioner states the following:

  1) Petitioner was convicted in jury trial and sentenced to an aggregated 90 years in a consecutive sentence.

  2) Petitioner is currently incarcerated in the Menard Correctional Center, Menard, Illinois 62259.

  3) On February 22, 2007, Petitioner filed the instant Petition for writ of habeas corpus.

  4) On July 27, 2007, the Respondent filed their Motion to Dismiss as Time-Barred.

  Petitioner responds with the following:

Petitioner submits that this court should deny the Respondent's motion to dismiss Petitioner's §2254 Petition as time barred where the Petitioner asserts that it would be a miscarriage of justice to do so. The State court decision in upholding Petitioner's consecutive sentence is an unreasonable application of federal law. It would be a fundamental miscarriage of justice if this court decline to relax the procedural bar of limitations to hold an evidentiary hearing to examine the facts of this case, as the court would discover that Petitioner's sentence is a void judgment in clear violation of his 14th U.S. Constitutional right to Due Process and Equal Protection.

Petitioner, William Johnson was given the following sentences for his aggravated criminal sexual assault convictions: CountI, 30 years; Count II, 10 years; Count III, 10 years; Count IV, & V, 10 Years and for home invasion, Count VI 20 years. (Vol.I,C. 138-145;Vol. Vi,R.36;Vol.I,C.208) The total of the six terms is 90 years.

This total is unauthorized by law, and hence void, as the total of the sentences cannot exceed the sum of the maximum terms authorized under 730 ILCS 5/5-8-2 (West 1992) for the two most serious felonies involved. Because the maximum term authorized under that section for each of Petitioner's most serious offenses is thirty years, the total of his consecutive sentences cannot exceed sixty years. His sentences must be vacated, and the case remanded for re-sentencing not to exceed 60 years in prison. Alternatively, this court should reduce the Petitioner's overall sentence to sixty years.

Section 5-8-4(c)(2), which sets the upper limit for aggregating consecutive prison sentences, contains similar language to section 5-2-4(b). Section 5-8-4(c)(2) provides that "the aggregate of consecutive sentences...shall not exceed the sum of the maximum terms authorized under section 5-8-2 for the 2 most serious felonies involved..." (Emphasis added). Section 5-8-2, in turn, prohibits imposition of an extended term "unless the factors in aggravation set forth in paragraph (b) of Section 5-5-3.2 were found to be present." Section 5-8-2 further provided that a court "may sentence an offender" to extended term "[w]here the judge finds that such factors are present." Section 5-8-2 thus does not "authorize" extended terms unless the court finds that one of the listed factors applies to the defendant. Accordingly, the phrase "maximum term authorized under section 5-8-2," contained in section 5-8-4(c)(2) appears to have the same meaning as the phrase "maximum sentence" as contained in section 5-2-4(b), the insanity acquittee statute.

The legislature defines crimes and establishes criminal penalties, and the "trial court, upon determination of guilt, has no authority to assess a fine or impose a sentence other than that provided by statute." People v. Wade, 116 Ill.2d 1,6(1987). "Such legislative action necessarily limits the inquiry and function of the judiciary in imposing sentences." People xe rel. Carey v. Chraska, 83 Ill.2d 67,79,(1980). Where a court "imposes a sentence in excess of what the statute permits,...the excess portion of the sentence is void." In re T.E., 85 Ill.2d 326,333(1981). If a court's order is void,

-3-

it may be challenged at any time. In re T.E. 85 Ill.2d at 333. Construing a staturory scheme involves a question of law. People v. Robinson, 172 Ill.2d 452,457 (1996).

The legislature authorized the courts to impose consecutive sentences. 730 ILCS 5/5-8-4 (West 1992). However, the legislature set a limit on the aggregate of the consecutive sentences a court could impose on an individual. "[T]he aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5-8-2 for the 2 most serious felonies involved." 730 ILCS 5/5-8-4(c)(2) (West 1992). Section 5-8-2 of the Unified Code of Corrections ("the Code") provides, in part:

> Extended Term. (a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5-8-1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraaph (b) of Section 5-5-3.2 were found tobe present. Where the judge finds that such factors were present, he may sentence an offender to the following:
>
> \*   \*   \*   \*
>
> (2) for a Class X felony, a term shall be not less than 30 years and not more than 60 years;
> 730 ILCS 5/5-8-2(a)(2) (West 1992).

Section 5-8-1(a)(3) sets the penalty range at six to thirty years for a Class X felony. Thus, the maximum prison term authotized by section 5-8-2 for a Class X felony is thirty years, unless one or more of the 730 ILCS 5/5-5-3.2(b) aggravating factors is found by the sentencing judge, in which case section 5-8-2 authorizes a maximum term of sixty years.

Under the case law of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), aggravating factors are findings of fact which must be found by a jury, unless otherwise waived. As the Illinois Supreme Court recently stated, "the aggravating factor is the functional equivalent of an element of a greater offense," People v. mata, 217 Ill.2d 535, 545 (2006). Because the imposition of a greater sentence based upon an aggravating factor is the equivalent of a greater offense, the maximum term authorized for a defendant who has not had an extended term imposed must be the aggregate of the maximum non-extended term sentence.

Here, the sentencing judge never found that any of the extended term factors applied to Petitioner, and did not impose an extended term on any of the offenses. (Vol.III,R. 15-16; Supp.Vol.XI,R. 33-42) Thus, under the clear language of the statutory scheme, the total of the consecutive sentences imposed on Petitioner could not exceed sixty years, and the excess portion of his 90 year sentence is void.

The central legal question presented by this case is, should phrase "maximum sentence" be given the opposite meaning from the phrase "maximum terms authorized?" If the above phrases are treated similarly, then Petitioner's aggregate sentence can only be 60 years, and the excess 30 years of his 90 year term is void. Because section 5-8-4(c)(2) sets the upper limit for aggregating consecutive sentences, its interpretation is an important issue both to prisoners, whose sentences are governed by it, and to Illinois Courts, which must consider section 5-8-4(c)(2) whenever consecutive sentences are imposed.

-5-

This interpretation of section 5-8-2 is consistent with and supported by the court's opinions in People v. Palmer, 148 Ill.2d 70, (1992) and People v. Pastewski, 164 Ill.2d 189, (1995), which address the maximum period a person can be committed after having been found not guilty by reason of insanity. The involuntary commitment period after an insanity acquittal "shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for release had he been convicted of and received the maximim sentence for the most serious crime for which he has been acquitted by reason of insanity," 730 ILCS 5/5-2-4(b)(West 1992). The Court in Palmer interpreted section 5-2-4(b)'s "maximum sentence" as being subject to a defendant's eligibility for an extended term, stating,

> It is clear that the trial court may commit an insanity acquittee to a maximum period by reference to section 5-8-1. In order to commit an insanity acquittee by reference to the extended term statute, however, the trial court must first find that the insanity acquittee's offense comes within the statutory requirements for application of section 5-8-2(a). Section 5-8-2(a) refers to the factors in aggravation set forth inparagraph (b) of section 5-5-3.2. Section 5-5-3.2(b)(2) requires that, in order for an extended term sentence to be applicable, the trial court must find that the offense is accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.
> Palmer, 148 Ill.2d at 86 (emphasis added).

Because an insanity acquittee's conduct does not indicate wanton cruelty, a judge could not resort to section 5-5-3.2(b)(2)

to calculate the length of his commitment term. Palmer, 148 Ill.2d at 92-94.

In contrast, in Pastewski, the court held that the judge properly resorted to section 5-5-3.2(b) in setting the maximum period of the insanity acquittee's commitment, where the acquittee, by reason of his prior convictions, would have qualified for an extended term sentence had he been found guilty. Pastewski, 164 Ill.2d at 196-98.

Thus, whether one seeks "the maximum terms authorized under Section 5-8-2" as stated in section 5-8-4(c)(2), or "the maximum sentence" as stated in section 5-2-4(b), the path leads to section 5-8-2(a). According to Palmer and Pastewski, a judge can rely on the higher limits set by section 5-8-2 only if the individual before the court qualifies for those limits under the companion section, 5-5-3.2(b). There is no rational distinction the phrases "maximum sentence" and "maximum terms" used respectively in section 5-2-4(b) and sect 5-8-4(c)(2). both clearly refer to the maximum length of time that a prisoner or insanity acquittee may be foncined.

What is authorized by section 5-8-4(c)(2) clearly depends on what is "authorized" by section 5-8-2. Section 5-8-2, in turn, is limited by section 5-5-3.2(b) and linked to section 5-8-1(a). As stated in peoplev. Neal 111 Ill.2d 180,204 (1985), "[t]he statute authorizing extended terms refers to and is bottomed onthe maximum sentences 'authorized by section 5-8-1,' to which it refers." When one reads these three sections (5-8-4(c)(2),5-8-2 and 5-5-3.2(b)) together, it is clear that section 5-8-4(c)(2) prohibits the total of consecutive terms to be based on extended term sentencing limits

unless the fact finder, consistent with section 5-5-3.2(b), finds that such a factor is present. If no such factor is present, the judge shall not sentence an offender to consecutive terms totaling more than the maximum sentences authorized by section 5-8-1 (i.e., nonextended term sentences) for the two most serious felonies involved.

The State court adopts federal (U.S. Supreme Court) case law by way of Illinois Supreme Court to apply its own case law, as with the above cited cases. The State appellate court has failed to reasonably apply these principles to the Petitioner's case. Thus affirming a void judgment in his consecutive sentence which exceeds the authorized sentence in extended term. It would be fundamentally unfair and a miscarriage of justice if this court decline to relax the procedural bar of timeliness to consider the facts to this case.

WHEREFORE, the Petitioner, William Johnson, pray this court will deny the Respondent's Motion to Dismiss Petitioner's Z2254 Petition as Time-Barred, and consider the facts of this case on its merits.

Respectfully Submitted
by _William Johnson_
WILLIAM JOHNSON (Petitioner)
Reg. No. B23496
P.O. Box 711
Menard, Illinois 62259-0711

STATE OF ILLINOIS   )
                    ) SS:
COUNTY OF RANDOLPH  )

VERIFICATION/AFFIDAVIT

I, William Johnson, befirst duly sworn upon oath, states under the penalty of perjury: that I have read the above Motion in Response to Respondent's Motion to Dismiss, and that I further state that the information therein referred to are true and fact to best of my knowledge.

DATE: Oct. 19, 2007

Respectfully Submitted
by _William Johnson_
WILLIAM JOHNSON (Affiant)

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

WILLIAM JOHNSON )
Plaintiff, )
 )
v. ) Case No. NO. 07C 2057
 )
DONALD HULICK, WARDEN. ) THE HONORABLE
Defendant ) MICHAEL P. MCCUSKEY
 CHIEF JUDGE PRESIDING.

PROOF/CERTIFICATE OF SERVICE

TO: U.S. DISTRICT COURT    TO: DALE M. PARK
CENTRAL DISTRICT OF ILLINOIS    ASST. ATT. GENERAL
URBANA DIVISION ROOM 218    100 WEST RANDOLPH ST.
U.S. COURT HOUSE 2015 UNE    12TH FLOOR CHICAGO, IL. 60601
STREET URBANA IL. 61801

TO: _____    TO: _____

PLEASE TAKE NOTICE that on OCT 24, 20 07, I have placed the documents listed below in the institutional mail at MENARD Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: OCT 24 2007

/s/ William Johnson
NAME: WILLIAM JOHNSON
IDOC#: B28446
MENARD Correctional Center
P.O. BOX 711
MENARD, IL 62259

Revised February 2005