E-FILED
Wednesday, 06 February, 2008  10:41:37 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| WILLIAM JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 07-CV-2057 |
| | ) | |
| DONALD HULICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On March 19, 2007, Petitioner, William Johnson, filed a Motion for Leave to proceed in forma pauperis (#1) and a Motion to Appoint Counsel (#2). On March 27, 2007, this court entered an Order (#3) which GRANTED the motion to proceed in forma pauperis and DENIED the motion to appoint counsel. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#4) was filed on March 27, 2007. This court ordered Respondent, Donald Hulick, to respond to the Petition within 60 days. This court subsequently allowed Respondent additional time to file his response.

On July 27, 2007, Respondent filed a Motion to Dismiss (#12) and supporting exhibits. On October 29, 2007, Petitioner filed his Response to Motion to Dismiss (#17).

This court has carefully considered Respondent's Motion to Dismiss and Petitioner's Response. Following this careful review, this court agrees with Respondent that the Petition filed in this case is untimely. Accordingly, Respondent's Motion to Dismiss (#12) is GRANTED and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#4) is dismissed as untimely.

## BACKGROUND

In March 1993, following a jury trial, Petitioner was convicted of five counts of aggravated criminal sexual assault and two counts of home invasion.  The trial court later vacated one of the home invasion convictions.  The trial court then sentenced Petitioner to consecutive prison terms of 30 years for one count of aggravated criminal sexual assault and 10 years on each of the other four counts.  The court sentenced Petitioner to a consecutive term of 20 years for the remaining home invasion conviction.  The total aggregate sentence imposed was 90 years.  Petitioner appealed from his convictions and sentence, and the Appellate Court, Fourth District, affirmed on June 7, 1994.  People v. Johnson, 634 N.E.2d 1285 (Ill. App. Ct. 1994).  Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on October 6, 1994.  Petitioner did not file a post-conviction petition.

On February 19, 2004, Petitioner filed a petition for relief from judgment in the circuit court of Macon County.  Petitioner argued that his aggregate sentence exceeded the maximum allowed under Illinois statute.  The State filed a motion to dismiss the petition, which the circuit court granted on June 22, 2004.  Petitioner appealed, and the appellate court affirmed on August 1, 2006.  People v. Johnson, Case No. 4-04-0709 (unpublished order).  The appellate court carefully considered Petitioner's argument and concluded that his sentence was not imposed in violation of Illinois law.  Johnson, Case No. 4-04-0709, at pp.3-7.  The court therefore concluded that Petitioner's 90-year sentence was not void and that the trial court did not err by dismissing his petition for relief from judgment.  Johnson, Case No. 4-04-0709, at p.5.  Petitioner filed a petition for leave to appeal with the Illinois Supreme Court, and the petition was denied on November 26, 2006.

As noted previously, Petitioner submitted documents to this court on March 19, 2007, and

his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#4) was filed on March 27, 2007.  In his Petition, Petitioner raised two grounds for relief: (1) that his constitutional rights were violated because the trial court did not adhere to Illinois statutory requirements when it sentenced Petitioner to consecutive sentences totaling 90 years; and (2) he was denied the effective assistance of appellate counsel.

ANALYSIS

In his Motion to Dismiss (#12), Respondent argues that Petitioner's Petition must be dismissed as untimely.  This court agrees.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody.  28 U.S.C. § 2244(d)(1); Allen v. Siebert, ___ U.S. ___, 128 S. Ct. 2 (2007).  Section 2244(d)(1) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]  Here, the Illinois Supreme Court denied his petition for leave to appeal on October 6, 1994.  Petitioner did not seek certiorari from the United States Supreme Court, so his conviction became final 90 days later when the time period to do so expired.  See Lo v. Endicott, 506 F.3d 572, 574 (7th Cir. 2007); Jones v. Hulick, 449 F.3d 784, 787-88 (7th Cir. 2006), cert. denied, 127 S. Ct. 940 (2007).  Thus, his conviction was final on January 4, 1995.

However, for persons convicted before the effective date of the AEDPA, the effective date,

---

[1]  The other possible dates listed in the statute do not apply in this case.

April 24, 1996, is treated as the beginning of the one-year period for seeking federal collateral review under § 2254. See Allen, 128 S. Ct. 2. Therefore, in this case, the one-year period of limitations for Petitioner to file a timely § 2254 petition ended on April 24, 1997. See Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002). Accordingly, the Petition he submitted on March 19, 2007, is not timely.[2]

In his Reply (#17), Petitioner argues that it would be a miscarriage of justice to dismiss his Petition as time-barred. He contends that his sentence is a void judgment in clear violation of his constitutional rights. This court will consider this argument as a request that this court apply equitable tolling to excuse his untimeliness. See Smith v. Randolph, 2007 WL 3348405, at *3 (C.D. Ill. 2007). Since § 2244(d) is not jurisdictional in nature, equitable tolling is available to some degree. See Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Smith, 2007 WL 3348405, at *3. However, while the Seventh Circuit has acknowledged that equitable tolling may apply to § 2244, it has stated that this is "only where the judge-made doctrine does not conflict with the express tolling provisions listed in § 2244(d)." Lo, 506 F.3d at 576. The Seventh Circuit has repeatedly pointed out that "[e]quitable tolling is rarely granted." Lo, 506 F.3d at 576, citing Jones, 449 F.3d at 789. Therefore, "[e]quitable tolling is proper when extraordinary circumstances outside of the

---

[2] Respondent has conceded that the statute of limitations was tolled during the time Petitioner's petition for relief from judgment was pending in the state courts under 28 U.S.C. § 2244(d)(2). However, this court agrees with Respondent that this does not help Petitioner because the one-year period for commencing a federal collateral attack had already run long before the petition for relief from judgment was filed on February 19, 2004. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005); Martin v. Kingston, 2006 WL 1519012, at *2 (E.D. Wis. 2006) ("The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief."). Respondent has also pointed out that, under the mailbox rule, Petitioner's petition can be considered filed on the date he gave it to proper prison authorities for mailing, which was February 22, 2007. This difference of a few days also does not affect the fact that Petitioner's petition was filed years too late.

petitioner's control prevent timely filing of the habeas petition." <u>Lo</u>, 506 F.3d at 576, <u>citing</u> <u>Arrieta</u> <u>v. Battaglia</u>,461 F.3d 861, 867 (7th Cir. 2006).  In this case, Petitioner has not claimed that any circumstances existed which prevented him from filing a timely petition under 28 U.S.C. § 2254. This court sees nothing in this case which would justify applying equitable tolling to toll the running of the statute of limitations.  <u>See</u> <u>Lo</u>, 506 F.3d at 576; <u>Jones</u>, 449 F.3d at 789; <u>Smith</u>, 2007 WL 3348405, at *3.

 IT IS THEREFORE ORDERED THAT:

 (1) Respondent's Motion to Dismiss (#12) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#4) is dismissed as untimely.

 (2) This case is terminated.

 ENTERED this 6th  day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE
